# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1797V
UNPUBLISHED

| | |
|---|---|
| ARKIE TUCKER-CORLEY,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: July 22, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Causation-In-Fact; Influenza (Flu)<br>Vaccine; Chronic Regional Pain<br>Syndrome (CRPS) |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Lauren Kells, U.S. Department of Justice, Washington, DC,* for Respondent.

### RULING ON ENTITLEMENT[1]

On December 8, 2020, Arkie Tucker-Corley filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine he received on January 13, 2020. Petition at 1. Petitioner further alleges that the vaccine was administered within the United States, that he suffered the residual effects of his injury for more than six months, and that there has been no prior award or settlement of a civil action on his behalf as a result of his injury. Petition at ¶¶ 1, 7-9. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On July 12, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case for chronic regional pain syndrome ("CRPS").[3] Respondent's Rule 4(c) Report at 1. Specifically, Respondent indicates that

> Petitioner does not meet the Table criteria for a SIRVA because her injury was not limited to the shoulder in which the intramuscular vaccine was administered. See 42 C.F.R. § 100.3(c)(10). However, the facts of this case support a finding that petitioner more likely than not suffered CRPS,[4] that was caused-in-fact by the administration of the flu vaccination on January 13, 2020. With respect to other statutory and jurisdictional issues, the record shows that the case was timely filed, that petitioner received a vaccine set forth in the Vaccine Injury Table, and that the vaccine was received in the United States. The evidence also demonstrates that petitioner suffered the effects or sequelae of her injury for more than six months after vaccine administration. Accordingly, in light of the information contained in

---

[3] Petitioner's counsel confirmed via informal communication on July 22, 2022 that Petitioner is amenable to proceed with the concession for the injury of CRPS, as opposed to SIRVA.

[4] Respondent indicates

> [t]he diagnostic criteria for CRPS are as follows:
>
> 1. Continuing pain, which is disproportionate to any inciting event.
> 2. Must report at least one symptom in *three of the four* following categories:
>    • *Sensory*: reports of hyperesthesia and/or allodynia;
>    • *Vasomotor*: reports of temperature asymmetry and/or skin color changes and/or skin color asymmetry;
>    • *Sudomotor/edema*: reports of edema and/or sweating changes and/or sweating asymmetry;
>    • *Motor/trophic*: reports of decreased range of motion and/or motor dysfunction (weakness, tremor, dystonia) and/or trophic changes (hair, nail, skin).
> 3. Must display at least one sign at time of evaluation in *two or more* of the following categories:
>    • *Sensory*: evidence of hyperalgesia (to pinprick) and/or allodynia (to light touch and/or deep somatic pressure and/or joint movement);
>    Vasomotor: evidence of temperature asymmetry and/or skin color changes and/or asymmetry;
>    • *Sudomotor/edema*: evidence of edema and/or sweating changes and/or sweating asymmetry;
>    • *Motor/trophic*: evidence of decreased range of motion and/or motor dysfunction (weakness, tremor, dystonia) and/or trophic changes (hair, nail, skin).
> 4. There is no other diagnosis that better explains the signs and symptoms.
>
> R. Norman Harden et al., *Validation of proposed diagnostic criteria (the "Budapest Criteria") for Complex Regional Pain Syndrome*, https://www.ncbi.nlm.nih.gov/pmc/articles/PMC2914601/ (last visited on July 7, 2022).

Respondent's Report at 7-8, n. 3 (emphasis in original).

petitioner's medical records, respondent has concluded that petitioner's CRPS is compensable as a "caused-in-fact" injury under the Vaccine Act.

*Id.* at 7-8.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master